# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>v.<br><br>ANGEL ERAZO-SANTA,<br><br>                      Defendant. | Case No. 16-CR-152-JPS<br><br><br><br><br>**ORDER** |

### 1. INTRODUCTION

On November 29, 2016, the defendant Angel Erazo-Santa ("Erazo-Santa"), filed a motion to dismiss for violation of the Interstate Agreement on Detainers ("IAD") and a motion to dismiss for vindictive prosecution. (IAD Motion, Docket #11; Vindictive Prosecution Motion, Docket #12). On December 22, 2016, Magistrate Judge Nancy Joseph issued a Report and Recommendation ("Report") on the motions, recommending that they be denied. (Docket #19). On January 5, 2017, Erazo-Santa filed an objection to the Report. (Docket #21). The government filed a response and Erazo-Santa replied. (Docket #23 and #24). For the reasons explained below, the Court will overrule the objection and deny both motions.

### 2. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 59(b) governs dispositive motion practice initiated before magistrate judges. Parties have fourteen days to file "specific written objections" to a magistrate judge's report and recommendation on such a motion. Fed. R. Crim. P. 59(b)(2). Erazo-Santa's objection was timely filed on the fourteenth day. (Docket #21). When reviewing a magistrate's recommendation, the Court is obliged to analyze the issues presented *de novo*. 28 U.S.C. § 636(b)(1)(C). Thus, the Court can

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* In other words, the Court's *de novo* review of Magistrate Joseph's findings and recommendations is not limited to her legal analysis alone; rather, the Court may also review her factual findings, and accept, reject, or modify those findings as it sees fit based upon the evidence. *Id.*

**3. ANALYSIS**

For the purposes of this order, the Court assumes familiarity with the Report.[1] The Court will address the IAD motion first, then the vindictive prosecution motion.

### 3.1 Interstate Agreement on Detainers

As discussed in this Court's June 22, 2016 order in the original Erazo-Santa case (the "Original Order"), Section 9 of the IAD allows for dismissal with or without prejudice upon consideration of,

> among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the agreement on detainers and on the administration of justice[.]

18 U.S.C. App. 2, § 9(1). In the Original Order, this Court found that the factors weighed in favor of dismissal without prejudice. *United States v. Erazo-Santa*, 13-CR-161 (Docket #26 at 4-6). In her instant Report, Magistrate Joseph reviewed those factors in light of the intervening time period, but did not find that anything had changed significantly such as would now require dismissal with prejudice. (Docket #19 at 3-7).

---

[1] Erazo-Santa takes no issue with Magistrate Joseph's description of the relevant facts, so this Court will adopt them here in their entirety.

Erazo-Santa argues that Magistrate Joseph erred in her assessment of the Section 9 factors on two grounds. First, he believes that the three-month delay between the Original Order's dismissal and the government's re-indictment shows a "pattern of negligence" favoring dismissal with prejudice. The Court disagrees. The Court found in the Original Order, and Erazo-Santa now concedes, that there has been no bad faith conduct on the government's part. Despite knowing since the date of the Original Order that he must show a "pattern" of negligence, Erazo-Santa has not pointed Magistrate Joseph or this Court to any other instances of IAD-violative negligence by government counsel in this District. The Court will not conclude that a "pattern" exists solely based on conduct within Erazo-Santa's own case, particularly in light of the lack of bad faith. *See United States v. Kelley*, 402 F.3d 39, 42 (1st Cir. 2005) (upon finding no pattern of negligence, the court noted that "this would be a materially different case if the United States had acted willfully or if there were a pattern of such violations in this district"); *United States v. McKinney*, 395 F.3d 837, 841 (8th Cir. 2005).

Second, Erazo-Santa contends that Magistrate Joseph underappreciated the prejudice that reprosecution has visited on him. In the Original Order, the Court noted that the purpose of the IAD is to address the problem of detainers "produc[ing] uncertainties which obstruct programs of prisoner treatment and rehabilitation." 18 U.S.C. App. 2, § 2 art. I. Erazo-Santa claims that being reprosecuted in a case including new and more serious charges "defies the goals of the [IAD]." (Docket #21 at 8). He also asserts that he has suffered from "an uncertain future [as a result of the IAD violation] and ultimately the indignity of being charged again shortly after his release[.]" (Docket #24 at 4).

Erazo-Santa's claims of prejudice have nothing to do with prisoner treatment or rehabilitation. The Court is not at liberty to read Erazo-Santa's concerns into the IAD or transform the IAD into a "get out of jail free card" for reasons it does not contemplate. Though Erazo-Santa views the IAD as a quasi-constitutional supplement to the Speedy Trial Act, that is not its express purpose.[2] Further, in accordance with the third Section 9 factor, the administration of justice is aided, rather than harmed, by reprosecution, as it prevents the defendant from escaping liability for his alleged robbery on a technicality. Ultimately, the Court must apply the language of Section 9 and the IAD's stated purpose, which in this case called for dismissal of the first

---

[2]Erazo-Santa acknowledges as much: "Congress enacted the [IAD] to protect inmates from languishing in prison without means to address a pending detainer that prevented them from taking advantage of valuable rehabilitation programs. See 18 U.S.C. App. 2 (IADA), § 2, Art. 1." (Docket #24 at 1).

indictment without prejudice. Nothing has changed since the date of the Original Order to merit revisiting that determination.[3]

---

[3]This entire IAD discussion is premised upon at least one major assumption the Court is not entirely convinced it should make. It is not clear that Erazo-Santa is entitled to raise the IAD issue again after re-indictment. The government notes this problem but cites nothing in support of its position. (Docket #23 at 6). Erazo-Santa suggests that allowing the instant IAD motion is necessary because 1) new information has arisen that is relevant to it, and 2) the Original Order was not appealable and he had no reason to question it unless and until he was re-indicted. (Docket #24 at 2-5). However, he too cites no case law directly on point. *Id.*

In its own research, this Court could not locate any opinion of any court in the country squarely addressing the issue. The most helpful discussion it could find comes from *United States v. Gouse*, 798 F.3d 39 (1st Cir. 2015). There, the First Circuit held that an IAD dismissal without prejudice does not automatically require dismissal with prejudice in a subsequent proceeding. *Id.* at 43-44. The court explained:

> For [the Section 9] exception to have any meaning, a violation from one case (where the U.S. is the receiving state) cannot automatically require the dismissal of a subsequent proceeding. As the government notes, finding otherwise would convert every dismissal without prejudice into one with prejudice; it would just be entered in subsequent litigation. It would, moreover, render moot the provision of the exception which explicitly calls on courts to consider whether the government should have a second bite at the apple.

*Id.* at 43.

*Gouse* implies that for a defendant complaining of an IAD violation, his remedy is dismissal, with or without prejudice, of the first indictment, and that having already received his remedy, he cannot raise the IAD again as to the second indictment. Other courts have made the same implication in *habeas corpus* proceedings. They find that even if counsel was deficient in failing to raise an IAD issue in the first proceeding, the court would have dismissed the first indictment without prejudice pursuant to Section 9. They then conclude that the prisoner would have pleaded guilty upon re-indictment, making no mention of re-raising the IAD in that second indictment. *United States v. Graham*, 312 F. App'x 79, 85-86 (10th Cir. 2008); *Munez v. United States*, No. 09-3860, 2011 WL 221655 at *4-8 (D.N.J. Jan. 20, 2011). None of these cases definitively resolves our question, though, as to whether violation of the IAD may be raised again in subsequent proceedings. Neither Magistrate Joseph nor the parties gave it much attention. This Court will,

### 3.2 Vindictive Prosecution

The Court next addresses the vindictive prosecution motion. Erazo-Santa seeks a presumption of vindictiveness, recognized in certain circumstances, which the government would then need to overcome. *See United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015). Erazo-Santa asserts that Magistrate Joseph erroneously applied *United States v. Goodwin*, 457 U.S. 368 (1982), and *United States v. Spears*, 159 F.3d 1081 (7th Cir. 1998), on this issue. Erazo-Santa concedes that Magistrate Joseph correctly stated *Goodwin*'s rules on vindictive prosecution. (Docket #21 at 10). In sum, those are that prior to trial, prosecutors have broad discretion to change or add charges without creating a presumption of vindictiveness. *Goodwin*, 457 U.S. at 381-82. *Spears* held that "the Supreme Court has refused to extend the presumption of vindictiveness to pre-trial prosecutorial conduct," citing *Goodwin*. *Spears*, 159 F.3d at 1086.

*Ribota* provides a more current and thorough explanation of the Seventh Circuit's current position on vindictive prosecution. *Ribota* restates the presumption that so long as probable cause exists to support a charge, the charging decision is a matter left to the prosecutor's discretion. *Ribota*, 792 F.3d at 840. "Moreover," *Ribota* notes, "because the imposition of punishment is the purpose of a criminal proceeding, the mere existence of a punitive motivation is not an adequate basis of distinguishing proper governmental conduct from impermissible actions." *Id.* It then outlines the recognized two methods to establish vindictive prosecution.

---

therefore, assume without deciding that Erazo-Santa's IAD motion is proper. It does not change the result.

The first method is an affirmative showing by the defendant "'through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication.'" *Id.* (quoting *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003)). Magistrate Joseph found that Erazo-Santa did not produce evidence sufficient to meet this standard. Erazo-Santa contends that he was threatened with the 18 U.S.C. § 924(c) charge (the "Section 924(c)" charge) if he pursued his IAD rights, and that the threat reveals prosecutorial animus. However, the government explains that it had good reason to discuss the Section 924(c) charge in litigating the first IAD motion. The government informed Erazo-Santa that it would have filed a superseding indictment adding that charge if it were not under the IAD's strict time constraints. This is no threat or indication of animus, but merely provides Erazo-Santa with full disclosure of the government's prior and future intentions. Other than that alleged threat, Erazo-Santa's only evidence of possible vindictiveness rests on the timing of the new charge, which the Seventh Circuit has rejected as a valid basis for establishing animus. *Falcon*, 347 F.3d at 1005 ("When the government brings additional charges before trial, but after the defendant exercises a procedural right, evidence of suspicious timing alone does not indicate prosecutorial animus."). Erazo-Santa fails to show vindictive prosecution via the first method.

The second method, and the one on which Erazo-Santa has focused his efforts, is to set forth circumstances which establish a presumption of vindictiveness. This reverses the initial presumption, noted above, that charging decisions are deemed valid, and requires the government to rebut the presumption with evidence that "that the motivation for pursuing the [new] charges was proper." *Ribota*, 792 F.3d at 840. The typical circumstance

establishing a presumption of vindictiveness is the addition of more severe charges when re-indicting a defendant after the defendant successfully appeals. *Id*. *Ribota* notes that "[the Seventh Circuit] [has] not recognized any circumstances in which a presumption of vindictiveness has been deemed appropriate regarding events that occurred before trial." *Id*. The court further explained the reasons behind the reluctance to apply a presumption of vindictiveness before trial, including that

> there is no inherent risk of vindictiveness raised by the defendant's pursuit of various pretrial rights including the right to seek to suppress evidence. The [*Goodwin*] Court noted that "a defendant before trial is expected to invoke procedural rights that inevitably impose some 'burden' on the prosecutor. Defense counsel routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense. . . . It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter."

*Id.* at 841 (quoting *Goodwin*, 457 U.S. at 381).

Erazo-Santa raises three primary arguments in favor of presuming vindictiveness. First is the timing of the charge, but as held in *Falcon*, timing alone is not enough. Second is that the vindictiveness issue did not arise in a true "pre-trial" setting because the first proceeding was dismissed on the eve of trial after the parties had fully prepared for the contest. He cites no analogous case supporting this proposition, but merely attempts to distinguish *Goodwin*. The Court will decline his invitation to re-interpret the Supreme Court's use of the term "pre-trial."

His third argument is that the Section 924(c) charge was not based on new evidence; the government has had probable cause to charge him with that crime since the first case began in 2013. In that vein, unlike *Ribota*, where

the second charge was unrelated to the first, here the Section 924(c) charge is based on the same facts as the original Hobbs Act robbery charge. Erazo-Santa analogizes his circumstances to the *LaDeau* case from the Sixth Circuit. After the defendant successfully suppressed the evidence necessary to sustain the government's child pornography charge, the government filed a superseding indictment asserting a child pornography-related conspiracy involving the defendant and his brother. *United States v. LaDeau*, 734 F.3d 561, 564-65 (6th Cir. 2013). The Court of Appeals upheld the district court's finding of vindictiveness under an abuse of discretion standard. *Id.* at 566-70. It found that although the charge came in the pretrial setting, which usually disfavors vindictiveness, the government had no new evidence for the conspiracy charge. *Id.* at 568-70. Further, the suppression motion was more than a "routine" pre-trial motion contemplated by *Goodwin*, as it eliminated the government's ability to pursue the initial charge. *Id.*

*LaDeau* is neither convincing nor controlling. Unlike *LaDeau*, Erazo-Santa's IAD motion was of the procedural variety referenced by *Goodwin* and had no effect on the underlying charge. Where the *LaDeau* suppression rendered continued prosecution impossible, not only did Erazo-Santa's IAD success have nothing to do with the alleged robbery, this Court expressly permitted re-charging by dismissing the first proceeding without prejudice. While the government's explanation for adding the Section 924(c) charge, its pretrial discussions with victims, appears thin, the Supreme Court and Seventh Circuit are adamant that prosecutors be allowed wide discretion in charging decisions. As expressed by *Ribota*, the Seventh Circuit has not yet found appropriate circumstances for a presumption of vindictiveness in the pretrial setting, and the Court does not find that those here warrant being the first.

## 4. CONCLUSION

The Court finds that both the IAD and the vindictive prosecution motions should be denied. It will therefore overrule Erazo-Santa's objections to the Report and adopt the same. This matter remains set for trial on February 13, 2017, with a final pretrial conference on February 9, 2017.

Accordingly,

**IT IS ORDERED** that the defendant's objection to Magistrate Judge Nancy Joseph's Report and Recommendation (Docket #21) be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's Report and Recommendation (Docket #19) be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that the defendant's motions to dismiss (Docket #11 and #12) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge